UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MORENO,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD BORLA, et al.,<br><br>        Defendants. | Case No. 25-cv-03448 BLF (PR)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 13, 14) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Warden Edward Borla at the Correctional Training Facility ("CTF"), where he is currently housed, and Secretary Jeffrey Macomber for the California Department of Corrections and Rehabilitation ("CDCR").  Dkt. No. 5.  This matter was reassigned to the undersigned on May 9, 2025.  Dkt. No. 10.

Plaintiff filed a motion for preliminary injunction and a motion for appointment of counsel.  Dkt. Nos. 13, 14.

**DISCUSSION**

A.    **Plaintiff's Claims**

Plaintiff claims he has been subjected to cruel and unusual punishment since January 1, 2022, because the size of his cell does not comply with current regulations.

Dkt. No. 5 at 4-5.  He claims that double celling inmates in certain smaller sized cells at CTF provided inadequate living space "to meet the minimal civilized measure of life's necessities."  *Id.* at 5.  Plaintiff claims that his grievance on this issue, seeking compensation and to remain single-celled, was ignored.  *Id.* at 8.

### B. Motion for Preliminary Injunction

Plaintiff filed a motion for preliminary injunction "to preserve status quo pending trial on merits."  Dkt. No. 13.  Plaintiff claims that he has been met with retaliation as "officers have used and/or threatened to use the disciplinary action to force the Plaintiff to be double-celled."  *Id.* at 1.  He claims that forcing him to be double-celled would increase the daily damages that he is seeking through this action, and that he is also seeking to recover punitive damages.  *Id.* at 1-2.  Plaintiff seeks a preliminary injunction ordering defendants to "refrain immediately and pending the final hearing and resolution of this action from: forcing Plaintiff to be double-celled; to also grant Plaintiff single cell status; to stop using the disciplinary process against the Plaintiff in regards to refusing to be double-celled."  *Id.* at 3.  He also seeks damages for the officers' "acts of retaliation by threatening to use or having already used the disciplinary process against the Plaintiff."  *Id.*

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party is required.  *See* Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).  Here, the Court has yet to screen the complaint under 28 U.S.C. § 1915A.  Accordingly, the motion for a preliminary injunction is DENIED without prejudice to refiling if this matter proceeds past initial screening.

### C. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel based on complexity of the issues, his lack of legal knowledge, and the possibility that trial would require expert testimony.  Dkt. No. 14

at 2. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff's asserted grounds do not set him apart from other prisoner-plaintiffs to establish exceptional circumstances. Accordingly, the request is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### CONCLUSION

For the reasons discussed above, Plaintiff's motion for a preliminary injunction is **DENIED** without prejudice. Dkt. No. 13. Plaintiff's motion for appointment of counsel is **DENIED** for lack of exceptional circumstances. Dkt. No. 14.

This order terminates Docket No. 13 and 14.

**IT IS SO ORDERED.**

Dated: __June 10, 2025_____                     _____
                                                  BETH LABSON FREEMAN
                                                  United States District Judge

Order Denying PI & Atty
PRO-SE\BLF\CR.25\03448Moreno_pi&atty