UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MORENO,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN EDWARD BORLA, et al.,<br><br>  Defendants. | Case No. 25-cv-03448 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ORDER DENYING SECOND MOTIONS FOR PRELIMINARY INJUNCTION AND FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 20, 21) |

Plaintiff, a state inmate currently confined at the Correctional Training Facility ("CTF"), filed a civil rights complaint under 42 U.S.C. § 1983 against Warden Edward Borla, CDCR Secretary Jeffery Macomber, and the CDCR.[1]  Dkt. No. 5 at 2.  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any

---

[1] The matter was reassigned to the undersigned on May 9, 2025.  Dkt. No. 10.

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    **Plaintiff's Claims**

Plaintiff claims that he has been subjected to cruel and unusual housing conditions since January 1, 2022, due to being housed in a cell with "19 square feet of unencumbered space." Dkt. No. 5 at 4. He claims CTF North Yard A/B buildings Lassen, Rainier, Whitney, and Shasta have "double-celled inmates since February 28, 2011, and that it has been admitted by CDCR employees that the CTF North Yard is not designed for double-celling. *Id.* at 5. He relies on a Seventh Circuit case and a district court case out of the Southern District of Illinois to support his claim that a cell space below a certain threshold *per se* violates the Eighth Amendment. *Id.* Plaintiff also asserts that the required dimensions for newly constructed adult detention facilities far exceed the current sizes in the North Yard buildings, which is evidence that his current conditions are unconstitutional. *Id.* at 7. Lastly, Plaintiff claims that he has a lung disease which makes him more prone to pneumonia than other inmates, such that his health and life would be at risk if he was double-celled as it would expose him to risk of sickness. *Id.* at 17. Plaintiff seeks damages. *Id.* at 8.

The Supreme Court has held that double-celling does not violate the Eighth Amendment where it does not "lead to deprivations of essential food, medical care, or sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Double-celling only violates the constitution where it "inflicts unnecessary or wanton pain." *Id.* The Supreme Court

2

has held that "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). A prison official violates a prisoner's Eighth Amendment rights when there is a "sufficiently serious" deprivation and the official is deliberately indifferent to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference exists where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations are insufficient to establish that Defendants, by double-celling him, have deprived him of bare necessities, inflicted unnecessary or wanton pain, or placed him in grave or inhumane conditions of confinement. He relies heavily on state regulations which are not sufficient to establish a constitutional right. Furthermore, Plaintiff relies on Seventh Circuit law in *French v. Owens*, 777 F.2d 1250, 1253 (7th Cir. 1985), which found "narrowly cramped double celling [w]as a feature of severely overcrowded, unsafe and unsanitary conditions." However, Plaintiff makes no allegation that the conditions are otherwise unsafe or unsanitary. Plaintiff also relies on a case out of the United States District Court for the Southern District of Illinois, which granted a prisoner's request for a permanent injunction against being double-celled in a cell that was "shockingly small." *Turley v. Lashbrook*, No. 08-07-SCW, 2018 WL 7585236, at *2 (S.D. Ill. Sept. 26, 2018). Even if the size of the cells are comparable to the case at bar, this single Illinois case does not establish that double-celling at CTF amounts to cruel and unusual punishment. Plaintiff shall be granted leave to amend to attempt to state sufficient facts to establish that double-celling at CTF deprives him of bare necessities such as food or medical care or amounts to unsafe, unsanitary, or inhumane conditions.

3

Plaintiff should keep the following principles in mind in preparing an amended complaint.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## C.     **Pending Motions**

On June 10, 2025, the Court denied Plaintiff's motion for preliminary injunction as premature and his motion or appointment of counsel for lack of exceptional circumstances.  Dkt. No. 17.  Plaintiff has filed a second motion for preliminary injunction and a second motion for appointment of counsel.  Dkt. Nos. 20, 21.

The second motion for preliminary injunction is identical to the first motion except for additional allegations regarding Plaintiff's medical condition.  *Compare* Dkt. No. 13 at 3 *with* Dkt. No. 20 at 3.  The adverse party has not yet been noticed with this action.  *See* Fed. R. Civ. P. 65(a)(1).  Accordingly, the motion for a preliminary injunction is DENIED as premature.  Dkt. No. 20.  Plaintiff may refile this motion if he files an amended complaint that states a cognizable claim and the matter is served on Defendants.

Plaintiff's second motion for appointment of counsel is identical to the first motion.  *Compare* Dkt. No. 14 *with* Dkt. No. 21.  As Plaintiff has previously been advised, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an

4

indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff's asserted grounds, which are identical to his first motion, do not set him apart from other prisoner-plaintiffs to establish exceptional circumstances. Accordingly, the request is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 25-cv-03448 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in this matter being dismissed for failure to state a claim for relief without further notice to Plaintiff.**

3. Plaintiff's motions for appointment of counsel and for a preliminary injunction are DENIED. Dkt. Nos. 20, 21.

4. The Clerk shall include two copies of the court's complaint with a copy of

this order to Plaintiff.

This order terminates Docket Nos. 20 and 21.

**IT IS SO ORDERED.**

Dated: __August 18, 2025_____

					*[signature]*
					BETH LABSON FREEMAN
					United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.25\03448Moreno_dwlta&mots